UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23617-CV-WILLIAMS
MAGISTRATE JUDGE REID

MARQUAZE LEROY EDMONDS,

    Plaintiff,

v.

K. HEPBURN,

    Defendant.
    _____/

## REPORT OF MAGISTRATE JUDGE
## RE CIVIL RIGHTS COMPLAINT - 42 U.S.C. § 1983

### I. Introduction

Plaintiff, **Marquaze Leroy Edmonds,** a pre-trial detainee, currently confined at the Miami-Dade County Pre-Trial Detention Center ("MD Pre-Trial Center"), has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, against the sole Defendant, Corporal Officer K. Hepburn ("CO Hepburn"), arising from an event occurring sometime between April and May 2020. He alleges CO Hepburn violated his constitutional rights, unlawfully assaulting him resulting in injury to his neck and upper spine. [ECF No. 1 at 2-6]. For the reasons discussed below, the case should PROCEED solely on a claim of unlawful use of force.

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), Fed. R. Civ. P. 72(b), and S.D. Fla. Admin. Order 2019-02.

Plaintiff has previously been granted permission to proceed *in forma pauperis* ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). See Farese v. Scherer, 342 F.3d 1223, 1228 (11th Cir. 2003)(per curiam)("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP").

## II. Standard of Review- 28 U.S.C. §1915(e)

Under either 18 U.S.C. § 1915(e)(2)(B)(ii) or 18 U.S.C. § 1915A, however, a complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *See Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018)(per curiam). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light to the Plaintiff. *See Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003); *see also Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 785 (11th Cir. 2018)(per curiam). Complaints filed by *pro se* prisoners are held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner,* 404 U.S. 519, 520 (1972)(per curiam). Also, it is well-settled law that federal courts must "look behind the label" of an inmate's *pro se* filings and determine whether there is any framework

under which his claims might be cognizable. *United States v. Jordan,* 915 F.2d 622, 624–25 (11th Cir. 1990).

Thus, to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright,* 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam)). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Wright,* 740 F. App'x at 694.

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Although federal courts give liberal construction to *pro se* pleadings, courts "nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (quotation omitted). Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." *Id.* at 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl.,* 550 U.S. at 555 (quotation omitted) (ellipses in original). Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"Precedent also teaches, however, that a court, of course, should not abandon its neutral role and begin creating arguments for a party, even an unrepresented one." *Sims v. Hastings*, 375 F. Supp. 2d 715, 718 (N.D. Ill. 2005) (citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

## III. Discussion

### A. Factual Allegations in Complaint

Plaintiff, a pre-trial detainee at the MD Pre-Trial Center, alleges that "around April 27, 2020 - May 8, 2020" between "9:00 or 10:00 a.m.," while inside his cell, during "linen exchange," the linen exchange officer Stout ("Stout") began shouting at Plaintiff and other inmates to "suck his dick," calling them "niggers." [ECF No. 1 at 5]. Plaintiff alleges he and the others were asking Stout to stop, when Defendant CO Hepburn "rushed" into his cell, striking Plaintiff in the chest numerous times, and then grabbed Plaintiff by the neck, choking and pushing him onto the wall. [*Id.* at 5-6].

Plaintiff alleges his neck became swollen and sore. [*Id.* at 6]. He also alleges he sustained upper spinal injury which has limited his mobility. [*Id.*]. After being seen by a physician, Plaintiff alleges he has been given multiple medications to treat his injuries, and further asserts he has been prescribed psychiatric medication to treat the "psychological trauma" resulting from the incident complained of. [*Id.*]. Plaintiff seeks compensatory damages. [*Id.*].

### B. Excessive Force Claim

Plaintiff suggests that Hepburn "angrily" assaulted him for no reason, suggesting Hepburn and Stout are "friends" and Hepburn became "angry" when Plaintiff and others were asking Stout to stop. [ECF No. 1 at 5-6].

As a pre-trial detainee, when raising a claim of excessive use of force, in violation of the Fourteenth Amendment, Plaintiff "'must show only that the force purposely or knowingly used against him was objectively unreasonable.'" *See Jacoby v. Keers,* No. 17-13400, 779 F. App'x 676, 680 (11th Cir. Jul. 22, 2019)(per curiam)(quoting *Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2473 (2015)). The inquiry is fact-specific, requiring courts to consider "'the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight,' taking into account the legitimate need of jail officials to maintain order and discipline in their facilities." *Robinson v. Lambert,* 753 F. App'x 777, 780 (11th Cir. 2018)(per curiam)(quoting *Kingsley,* 135 S.Ct. at 2473). Thus, under the Eighth Amendment, force may be applied in a custodial setting as long as it is applied in a good faith effort to maintain or restore discipline. *Skritch v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (quotations omitted). Although non-exhaustive, the Eleventh Circuit instructs that courts consider the following factors in determining the reasonableness of the force used:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

Plaintiff's allegations suggest that the use of force was unprovoked and not a reasonable response to Plaintiff's verbal request directed to Stout. [ECF No. 1 at 5-6]. Plaintiff's claims Hepburn's response resulted in injury to his upper spine and neck, as well as, psychological trauma. Construed liberally, Plaintiff's allegations suggest there was no need for Hepburn's use of force. Thus, the relationship between the need for force and the force actually used was disproportionate. There is no indication that Hepburn attempted a less forceful response, and responsible officials would not perceive Plaintiff as a threat to himself, staff, or other inmates based upon his alleged conduct. Accordingly, Plaintiff has made a plausible showing that Hepburn acted with a malicious and sadistic intent in applying force. Accordingly, the excessive force claim should PROCEED against Hepburn.

### C. State Law Claim Re Assault

Construed liberally, Plaintiff raises a state law assault claim against Hepburn. [ECF No. 1].

1. Supplemental Jurisdiction over State Law Claim

Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over state law claims that arise out of a common nucleus of operative fact as the substantial federal claim. *See, e.g., Lucero v. Trosch,* 121 F.3d 591, 597 (11th Cir. 1997). Because the state law claims of assault arises from the same nucleus of operative facts as the Plaintiff's excessive force claim, which is already plausible

and arise under 28 U.S.C. § 1331, this Court may exercise supplemental jurisdiction over Plaintiff's assault claim. *See Stephens v. DeGiovanni,* 852 F.3d 1298, 1328-29 (11th Cir. 2017). At this early stage, it appears supplemental jurisdiction should be exercised. *See Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 743 (11th Cir. 2006).

2. Plausibility of State Law Claim against Hepburn

Regarding whether a plausible showing exists, there is a plausible showing of assault against Hepburn. Florida law prohibits a tort claim such as this against an official "unless [an] officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a).

Thus, under Florida law, "'no officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.'" *See Robinson v. Lambert,* 753 F. App'x 777, 784 (11th Cir. 2018)(per curiam)(quoting Fla. Stat. § 768.28(9)(a). Assault is defined as "intentional, unlawful offer of corporal injury to another by force, or force unlawfully directed

toward another under such circumstances as to create a fear of imminent peril, coupled with the apparent present ability to effectuate the attempt." *Robinson,* 753 F. App'x at 784 (quoting *Lay v. Kremer,* 411 So. 2d 1347, 1349 (Fla. 1st DCA 1982)).

Viewed together, Plaintiff has made a plausible showing of malicious and sadistic intent. Thus, as explained earlier in this report, the state law claim of assault should PROCEED against Hepburn. *See, e.g., Robinson,* 753 F. App'x at 784 (overcoming Florida's statutory immunity at summary judgment and allowing assault and battery claims to move forward in light of the genuine issue of material fact on malicious and sadistic intent).

### D. Verbal Threats Claim

Finally, to the extent Plaintiff suggests that Officer Stout began yelling offensive statements at him, he has failed to state a claim upon which relief can be granted. Allegations that that an officer made derogatory, demeaning, profane, threatening or abusive comments to an inmate, no matter how repugnant or unprofessional, generally do not rise to the level of a constitutional violation. *See Hernandez v. Fla. Dep't of Corr.,* 281 F. App'x 862, 866 (11th Cir. 2008) (finding that inmate's claim of "verbal abuse alone is insufficient to state a constitutional claim"). As applied, Plaintiff's allegations that Stout was verbally abusive is

insufficient to state a constitutional claim. Therefore, any such claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### VI. Recommendations

Based upon the foregoing, it is recommended that:

1. this complaint [ECF No. 1] PROCEED solely as to Plaintiff's claims of excessive use of force and assault against Defendant, K. Hepburn; and

2. All remaining claims against Defendants, K. Hepburn and Stout, be DISMISSED for failure to state a claim upon which relief can be granted under § 1915(e) and as frivolous, *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993).

Notwithstanding the foregoing, it is also recommended that Plaintiff be permitted to amend the complaint to cure the deficiencies, if he so chooses, by a date certain. *See Troville v. Venz,* 303 F.3d 1256, 1260 n. 5 (11th Cir. 2002)(per curiam)(citations omitted)(finding that § 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required under Fed. R. Civ. P. 15.). However, Plaintiff should be warned that failure to amend by the given date may result in dismissal of this action under § 1915(e) and the case remaining closed since Plaintiff has failed to state a claim upon which relief can be granted.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar Plaintiff from a *de novo* determination by the District Judge of an issue covered in

this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); 11th Cir. R. 3-1 ("A party failing to object to a magistrate judge's findings or recommendations contained in an [R&R] . . . waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object."); *Thomas v. Arn*, 474 U.S. 140, 155 (1985)(holding that the federal court of appeals may adopt rules conditioning appeal upon the filing of objections to a magistrate judge's report).

SIGNED this 25th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Marquaze Leroy Edmonds, *Pro Se*
    Inmate #190162840
    Miami-Dade County Pre-Trial Detention Center
    Inmate Mail/Parcels
    1321 N.W. 13th Street
    Miami, FL 33125